UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BARBARA OGDEN
          Plaintiff         CASE NUMBER:

vs.

TOPBUILD CORP.
          Defendant         /

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Comes now the Plaintiff, Barbara Ogden, (herein after referred to as "Plaintiff"), by and through her undersigned counsel and sues the Defendant, TOPBUILD CORP. (herein after referred to as "Defendant") and states as follows:

**INTRODUCTION**

1. This is an action by Plaintiff against her former employer for unpaid wages and retaliation pursuant to the Fair Labor Standards Act ("FLSA").

**JUURISDICTION**

2. This action arises under the Fair Labor Standards Act, 29 U.S.C. Section 201, et. seq. The Court has jurisdiction over FLSA claims pursuant to 29 U.S.C. Section 216(b).

## VENUE

3. The venue is proper in this Court, over this controversy, because the employer's principal place of business is in Volusia County, Florida. Plaintiff performed work at that location within the Middle District of Florida.

## FACTUAL HISTORY

4. Plaintiff was, at all times material to this Complaint, employed by Defendant in a job titled senior administrative assistant from June 6, 2019 to July 2, 2020, at which time she was involuntarily terminated.

5. The Defendant, TOPBUILD CORP., is a Florida Corporation which installs and distributes insulation and building materials.

6. Defendant is an employer as defined by 29 U.S.C. Section 203(d) and has employees subject to provisions of the FLSA, 29 U.S.C. Section 206, in the capacity in which the Plaintiff was employed with the Defendant.

7. Plaintiff was an employee of Defendant and at all times relevant to this Complaint the Defendant was engaged in commerce as defined by 29 U.S.C. section 207(a)(1).

8. The Defendant, in the alternative, is an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. section 203(s)(1) because the Defendant employed two or more

employees who regularly engaged in selling, handling, or otherwise working on goods and/or materials that have been moved in or produced for interstate commerce and, at all times during which Plaintiff was employed by the Defendant, the annual gross sales volume of Defendant was in excess of $500,000.00 (exclusive of excise taxes at the retail level).

9. While the number of hours worked by Plaintiff while in the employ of the Defendant varied, the Plaintiff, in good faith, believes her overtime performed during the time she worked for the Defendant is approximately 512 hours.

10. Plaintiff is confident that she did not execute an arbitration agreement which would preclude this suit and, in the alternative, contends Defendant breached the arbitration agreement, which requires mediation before arbitration, because Defendant refused to set a mediation after numerous requests by Plaintiff that a mediation be set.

11. Plaintiff has retained the services of Matthew E. Romanik, Esquire, of the law firm of Michael Ciocchetti, PLLC, to represent her in this matter and has agreed to pay a reasonable attorney's fee and reimburse costs for representation in this matter.

## COUNT I
## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

12. Plaintiff restates and realleges the allegations in paragraphs 1-11.

13. During the time the Plaintiff was employed by the Defendant in this matter, the Defendant repeatedly and willfully violated section 7 and 15 of the FLSA by failing to compensate Plaintiff at a rate not less than one and one half times the regular rate for the hours worked in excess of forty per workweek.

14. On numerous weeks during which Plaintiff was employed with the Defendants, she performed more than 40 hours of work, yet was never compensated time and a half for more than 40 hours of work, despite the fact that numerous overtime hours were, in fact, worked by the Plaintiff.

15. For each and every hour in excess of 40 hours per work week worked by the Plaintiff, while in the employ of the Defendant, the Plaintiff should be paid not less than one and one half times her regular hourly rate at which she was employed.

WHEREFORE, Plaintiff demands a Judgment against the Defendant, to include:

(a) Unpaid overtime wages which are due and owing to the Plaintiff.

(b) An additional amount equal to the unpaid overtime wages due and owing to the Plaintiff as liquidated damages.

      (c)      Prejudgment interest.

      (d)      Reasonable attorney's fees and costs.

      (e)      Any other relief the Court deems just and equitable.

## COUNT II
## VIOLATION OF 29 U.S.C. SEC. 215(a)(3) REGARDING PLAINTIFF'S TERMINATION

16. Plaintiff restates and realleges the allegations in paragraphs 1-11.

17. Plaintiff requested she be paid overtime for the time she worked in excess of forty hours a week.

18. Plaintiff complained to Defendant that she was not compensated at the rate which she should have been for overtime performed.

19. Pursuant to 29 U.S.C. Sec. 215(a)(3), an employer may not retaliate against an employee for making even unofficial complaints about FLSA violations.

20. Plaintiff's complaints were either official or unofficial complaints about FLSA violations.

21. Plaintiff has suffered damages due to the Defendant terminating her employment as a result of her complaints about FLSA violations regarding her pay.

22. Plaintiff has retained counsel to pursue this discrimination/retaliation claim on a contingency basis.

**WHEREFORE**, Plaintiff demands a Judgment against the Defendants, to include:

(a) Compensatory damages to compensate Plaintiff for lost earnings as a result of her termination.

(b) Injunctive relief prohibiting Defendants from paying their employees illegally.

(c) Reinstatement of the Plaintiff's employment.

(d) Prejudgment interest.

(e) Reasonable attorney's fees and costs.

(f) Any other relief the Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully Submitted,

/s/Matthew E. Romanik
Attorney for Plaintiff
Matthew E. Romanik, Esq.
Michael Ciocchetti, PLLC
125 N. Ridgewood Ave #100
Daytona Beach, FL  32114
matt@floridainslaw.com

Phone (386) 317-7777
Fla. Bar No.: 0062588
Attorney for Plaintiff